**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **JUDY F. COVEY** | * | Case No. |
| 16847 State Route 576 | | |
| Montpelier, Ohio 43543 | * | Judge |
| Plaintiff, | | |
| v. | * | **COMPLAINT; JURY DEMAND ENDORSED HEREON** |
| **PER MAR SECURITY SERVICES CORP. aka and/or dba PER MAR SECURITY AND RESEARCH CORP.** | * | |
| | | Francis J. Landry (0006072) |
| | * | **WASSERMAN, BRYAN, LANDRY & HONOLD LLP** |
| c/o CT Corporation System | * | 1090 W. South Boundary St |
| 4400 Easton Commons Way, Suite 125 | | Suite 500 |
| Columbus, Ohio 43219 | * | Perrysburg, Ohio 43551 |
| | | Telephone: (419) 243-1239 |
| | * | Facsimile: (419) 243-2719 |
| | | Flandry308@aol.com |
| Defendant. | * | Attorney for Plaintiff Judy F. Covey |
| | * | |

* * * * * * * *

**JURISDICTION**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201 and 2202. This is an action for a violation of 29 U.S.C. 621 et seq., known as the Age Discrimination in Employment Act. Jurisdiction of this Court is also invoked pursuant to the Americans with Disabilities Act and the ADAAA, 42 U.S.C. Sections 12101 et seq. This action, in part, is one for money damages, reinstatement, and liquidated damages resulting from an alleged unlawful termination of employment. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and Ohio Civil Rights Commission on the basis of disability and age, charge number 22A-2020-00990C. On November 9, 2020, the district director

1

of the EEOC notified Plaintiff of her right to file suit within ninety days in an appropriate federal district court, attached hereto as Exhibit A. Plaintiff also brings claims pursuant to the Family and Medical Leave Act, 29 U.S.C. Sections 621 et seq. made actionable pursuant to 29 U.S.C. Sections 2615 and 2617. This Court's supplemental jurisdiction is also invoked over a state law claims of disability discrimination.

## PARTIES

2.  Plaintiff, Judy F. Covey ("Plaintiff" or "Covey"), is a citizen of the United States and a resident of the City of Montpelier, County of Williams, State of Ohio, who was employed by Defendant from April 9, 2018 until her termination on in October of 2020. At all times material hereto, Plaintiff was an employee of an employer within the meaning of the Age Discrimination in Employment Act, Americans with Disabilities Act Amendments Act, the Family and Medical Leave Act, and Chapter 4112 of the Ohio Revised Code in that it employed at all times material hereto more than fifty (50) employees.

3.  Defendant is a corporation with a place of business in the City of Holiday City, State of Ohio. Defendant at all times had more than fifty (50) employees and was also an employer within the meaning of the Age Discrimination in Employment Act, the Family and Medical Leave Act, the Americans with Disabilities Act Amendments Act and Ohio Revised Code Section 4112.01.

## NATURE OF THE CASE

4.  Plaintiff began her employment with Defendant on April 9, 2018.

5.  Plaintiff was employed most recently as Security Guard and Assistant to Account Manager and was assigned to work at the Menards location in Holiday City, Ohio.

6.  Plaintiff performed her job well.

7. On January 6, 2020, Plaintiff was told to report to the premises of the Quality Inn in Holiday City, Ohio after her shift ended on January 7, 2020. When Plaintiff reported on January 7, 2020 as instructed, she was told to do 25 jumping jacks, 5-10 pushups and to run a flight of stairs twice in two minutes. Plaintiff's Account Manager, her Branch Manager, and Assistant Manager were all present at this time. There were no certified testers or anyone present with qualifications in case of injury to an employee.

8. Plaintiff suffers from a left knee replacement, a back injury dating back to 1993, and a heart condition from a massive heart attack that she suffered in 2012. The conditions were known to Defendant when it hired Plaintiff. Moreover, there were no physical requirements for Plaintiff when she was hired. Plaintiff was getting ready for her right knee replacement which was originally scheduled for April 13, 2020.

9. Since Plaintiff could not do these physical requirements as suddenly demanded, she was removed from her job and placed in a more strenuous job where she was out on patrols in a truck checking doors and climbing icy sidewalks and steel stairs on third shift. The Truck was a Ford F-250 that was 18 and ½ inches off the ground. Plaintiff fell on the ice trying to pull herself into the truck and filed a workers compensation claim after she fell twice in late January of 2020.

10. She was told that she did not fit the look Defendant wanted for the Welcome Center. When Plaintiff was initially hired, she was told that the Welcome Centers were for the older and disabled employees.

11. Plaintiff went off on leave on February 9, 2020. Plaintiff took FMLA for that fall on the ice and for her scheduled knee replacement. Plaintiff underwent knee surgery that was originally scheduled for April of 2020 and it was pushed back to July 6, 2020. When Plaintiff turned in a return to work slip returning her as of October 1, 2020, she was advised that that her job had been

terminated as of June 6, 2020. The Defendant claimed it had notified Plaintiff on June 6, 2020 but she did not receive any notice in any form. Plaintiff made multiple efforts to get in contact with Defendant about her job status in the summer and early fall of 2020 but never heard back from anyone. Plaintiff had delays getting a return to work slip as she was not able to get in to her doctor due to the covid pandemic.

## FIRST CLAIM FOR RELIEF
### ADEA--29 U.S.C. Sections 621 et seq.

12. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through eleven (11) of this Complaint, supra, by reference in its entirety as if fully restated herein.

13. Plaintiff was in the age group protected by 29 U.S.C. Sections 621 et seq. as she was sixty-six (66) years of age at the time of her removal from her job in January of 2020.

14. Plaintiff states that he was qualified for her position based on her experience and the fact that there were no physical requirements noted. Furthermore, at all times material hereto she was meeting or exceeding Defendant's legitimate business expectations.

15. On January 6, 2020, Plaintiff was told to report to the premises of the Quality Inn in Holiday City, Ohio after her shift ended on January 7, 2020. When Plaintiff reported on January 7, 2020 as instructed, she was told to do 25 jumping jacks, 5-10 pushups and to run a flight of stairs twice in two minutes. Plaintiff's Account Manager, her Branch Manager, and Assistant Manager were all present at this time. There were no certified testers or anyone present with qualifications in case of injury to an employee.

16. Since Plaintiff could not do these physical requirements as suddenly demanded, she was removed from her job and placed in a more strenuous job where she was out on patrols in a truck checking doors and climbing icy sidewalks and steel stairs on third shift. The Truck was a Ford

F-250 that was 18 and ½ inches off the ground. Plaintiff fell on the ice trying to pull herself into the truck and filed a workers compensation claim after she fell twice in late January of 2020.

17. She was told that she did not fit the look Defendant wanted for the Welcome Center. When Plaintiff was initially hired, she was told that the Welcome Centers were for the older and disabled employees.

18. Plaintiff states that other similarly situated employees who were substantially younger than Plaintiff were not removed from their jobs by the application of demeaning and deliberately false physical requirements.

19. The alleged reasons for Plaintiff's removal from her position are false and pretextual.

20. Plaintiff states that her removal from her position permitted the retention of significantly younger employees in that job.

21. Upon information and belief, Plaintiff was replaced by a person substantially younger than Plaintiff in that position.

22. Plaintiff states that Defendant removed her from her position in January of 2020 because of her age.

23. Plaintiff states that Defendant has unlawfully and/or willfully discriminated against him on the basis of age in violation of 29 U.S.C. §621 et seq.

24. As a proximate cause of the acts complained of, Plaintiff has suffered the loss of her job position, diminished earning capacity, lost wages, benefits, great mental and emotional distress, anguish, humiliation and embarrassment. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**SECOND CLAIM FOR RELIEF**
**Americans with Disabilities Act--42 U.S.C. Sections 12101 et seq.**

25. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-four (24) of this Complaint, supra, by reference in its entirety as if fully stated herein.

26. Plaintiff states that at and prior to his termination she was disabled individual within the meaning of the 42 U.S.C. Sections 12101 et seq.

27. Plaintiff suffers from a left knee replacement, a back injury dating back to 1993, and a heart condition from a massive heart attack that she suffered in 2012. The conditions were known to Defendant when it hired Plaintiff. Moreover, there were no physical requirements for Plaintiff when she was hired. Plaintiff was getting ready for her right knee replacement which was originally scheduled for April 13, 2020. Plaintiff states that these impairments significantly affected one or more major life activities including but not limited to working, walking, lifting, sitting and standing, bending, stooping, and a broad range of everyday activities.

28. On January 6, 2020, Plaintiff was told to report to the premises of the Quality Inn in Holiday City, Ohio after her shift ended on January 7, 2020. When Plaintiff reported on January 7, 2020 as instructed, she was told to do 25 jumping jacks, 5-10 pushups and to run a flight of stairs twice in two minutes. Plaintiff's Account Manager, her Branch Manager, and Assistant Manager were all present at this time. There were no certified testers or anyone present with qualifications in case of injury to an employee.

29. Since Plaintiff could not do these physical requirements as suddenly demanded, she was removed from her job and placed in a more strenuous job where she was out on patrols in a truck checking doors and climbing icy sidewalks and steel stairs on third shift. The Truck was a Ford F-250 that was 18 and ½ inches off the ground. Plaintiff fell on the ice trying to pull herself into the truck and filed a workers compensation claim after she fell twice in late January of 2020.

6

30. She was told that she did not fit the look Defendant wanted for the Welcome Center. When Plaintiff was initially hired, she was told that the Welcome Centers were for the older and disabled employees. Defendant removed Plaintiff from her position in January of 2020 and assigned her to a difficult job that it knew she would have difficulty performing. This assignment led to a serious injury to Plaintiff. Defendant removed Plaintiff due to her disabling conditions that it was well aware of and failed to afford her any reasonable accommodation.

32. Plaintiff states that in removing her from her position, denying her accommodation, and assigning her to a position that it knew she could not perform and which was dangerous given her known conditions, the Defendant violated and/or intentionally violated Section 12112(a) made actionable pursuant to 42 U.S.C. Section 12117.

33. As a proximate result of the actions of Defendant complained of herein, Plaintiff has lost wages and benefits, suffered personal and financial damage, harassment, and great mental and emotional stress, anxiety, humiliation and embarrassment. Plaintiff has also been forced to expend court costs and attorney's fees.

### THIRD CLAIM FOR RELIEF
### Disability Discrimination, Ohio Revised Code Section 4112.02

34. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through thirty-three (33) of this Complaint, supra, by reference in its entirety as if fully restated herein.

35. Plaintiff states that at and prior to his termination she was disabled individual within the meaning of Ohio Revised Code Section 4112.01 (a) (13).

36. Plaintiff suffers from a left knee replacement, a back injury dating back to 1993, and a heart condition from a massive heart attack that she suffered in 2012. The conditions were known to Defendant when it hired Plaintiff. Moreover, there were no physical requirements for Plaintiff when she was hired. Plaintiff was getting ready for her right knee replacement which was

originally scheduled for April 13, 2020. Plaintiff states that these impairments significantly affected one or more major life activities including but not limited to working, walking, lifting, sitting and standing, bending, stooping, and a broad range of everyday activities.

37. On January 6, 2020, Plaintiff was told to report to the premises of the Quality Inn in Holiday City, Ohio after her shift ended on January 7, 2020. When Plaintiff reported on January 7, 2020 as instructed, she was told to do 25 jumping jacks, 5-10 pushups and to run a flight of stairs twice in two minutes. Plaintiff's Account Manager, her Branch Manager, and Assistant Manager were all present at this time. There were no certified testers or anyone present with qualifications in case of injury to an employee.

38. Since Plaintiff could not do these physical requirements as suddenly demanded, she was removed from her job and placed in a more strenuous job where she was out on patrols in a truck checking doors and climbing icy sidewalks and steel stairs on third shift. The Truck was a Ford F-250 that was 18 and ½ inches off the ground. Plaintiff fell on the ice trying to pull herself into the truck and filed a workers compensation claim after she fell twice in late January of 2020.

39. She was told that she did not fit the look Defendant wanted for the Welcome Center. When Plaintiff was initially hired, she was told that the Welcome Centers were for the older and disabled employees. Defendant removed Plaintiff from her position in January of 2020 and assigned her to a difficult job that it knew she would have difficulty performing. This assignment led to a serious injury to Plaintiff. Defendant removed Plaintiff due to her disabling conditions that it was well aware of and failed to afford her any reasonable accommodation.

40. Plaintiff states that in removing her from her position, denying her accommodation, and assigning her to a position that it knew she could not perform and which was dangerous given her

known conditions, the Defendant violated and/or intentionally violated Section 12112(a) made actionable pursuant to 42 U.S.C. Section 12117.

41. Plaintiff went off on leave on February 9, 2020. Plaintiff took FMLA for that fall on the ice and for her scheduled knee replacement. Plaintiff underwent knee surgery that was originally scheduled for April of 2020 and it was pushed back to July 6, 2020. When Plaintiff turned in a return to work slip returning her as of October 1, 2020, she was advised that that her job had been terminated as of June 6, 2020. The Defendant claimed it had notified Plaintiff on June 6, 2020 but she did not receive any notice in any form. Plaintiff made multiple efforts to get in contact with Defendant about her job status in the summer and early fall of 2020 but never heard back from anyone. Plaintiff had delays getting a return to work slip as she was not able to get in to her doctor due to the covid pandemic.

42. Plaintiff states that in removing her from her position, denying her accommodation, and assigning her to a position that it knew she could not perform and which was dangerous given her known conditions, and in terminating her employment without consideration of any accommodation such as unpaid leave given the circumstances of the covid pandemic, the Defendant violated and/or intentionally violated Section 12112(a) made actionable pursuant to 42 U.S.C. Section 12117.

43. As a proximate result of the actions of Defendant complained of herein, Plaintiff has lost wages and benefits, suffered personal and financial damage, harassment, and great mental and emotional stress, anxiety, humiliation and embarrassment. Plaintiff has also been forced to expend court costs and attorney's fees.

## FOURTH CLAIM FOR RELIEF
**Family and Medical Leave Act, 29 U.S.C. Sections 2601 et seq., 2615, 2617**

44. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through forty-three (43) of this Complaint, supra, by reference in its entirety as if fully restated herein.

45. Plaintiff went off on leave on February 9, 2020. Plaintiff took FMLA for that fall on the ice and for her scheduled knee replacement. Plaintiff underwent knee surgery that was originally scheduled for April of 2020 and it was pushed back to July 6, 2020. When Plaintiff turned in a return to work slip returning her as of October 1, 2020, she was advised that that her job had been terminated as of June 6, 2020. The Defendant claimed it had notified Plaintiff on June 6, 2020 but she did not receive any notice in any form. Plaintiff made multiple efforts to get in contact with Defendant about her job status in the summer and early fall of 2020 but never heard back from anyone. Plaintiff had delays getting a return to work slip as she was not able to get in to her doctor due to the covid pandemic.

46. Plaintiff states that the Defendant retaliated and discriminated against Plaintiff by terminating her employment without giving her any timely notice in retaliation for her having utilized Family and Medical Leave Act rights to cover her knee injury and her knee replacement surgery.

47. As a proximate result of the actions of Defendant complained of herein, Plaintiff has lost wages and benefits, suffered personal and financial damage, harassment, and great mental and emotional stress, anxiety, humiliation and embarrassment. Plaintiff has also been forced to expend court costs and attorney's fees.

**WHEREFORE,** Plaintiff demands a judgment ordering reinstatement to her position together with lost back pay seniority and benefits or in the alternative for an award of lost back pay

and front pay in lieu of reinstatement and judgment against Defendant for compensatory and punitive damages for emotional distress, anxiety, humiliation and embarrassment plus her costs, interest and reasonable attorney fees. Plaintiff also seeks an amount of liquidated damages equal to her damages and her costs and attorney's fees all together with prejudgment and post judgment interest. Plaintiff further prays for whatever other legal or equitable relief she may appear to be entitled to.

        Respectfully submitted,

        **WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**


        **s/Francis J. Landry**
        Francis J. Landry, Attorney for
        Plaintiff, Judy F. Covey



## JURY DEMAND

Plaintiff demands a jury trial as to all issues so triable in the within cause.

        s/Francis J. Landry
        Francis J. Landry